## THE STATE v. FRANKLIN AND ANOTHER.

1. In an indictment for an aggravated assault with a deadly weapon, it is not necessary to allege that the assault was made under circumstances not amounting to an intent to murder or maim.
2. An indictment for aggravated assault charged that the weapon used was a pistol used as a bludgeon. *Held,* that this does not preclude the idea that the assault was with a deadly weapon.

APPEAL from Fannin. Tried below before the Hon. W. H. Andrews.

The facts of the case are sufficiently indicated in the opinion of the court.

*Wm. Alexander, Attorney-General,* for the State.

No brief for the appellee has reached the hands of the reporter.

WALKER, J. Cases quite too frequently are brought before us where the facts show the accused to be guilty of a most deadly and cowardly assault, by drawing a heavy pistol and using it as a bludgeon, but no doubt with the intention of using it as a firearm in case of resistance.

This case brings with it the additional aggravation that two, instead of one, cowardly ruffians engaged in the assault, and they are charged with a commission of the assault upon the body of one J. C. McDonald with certain pistols,—" said pis- " tols being then and there deadly weapons, which they, the " said Franklin and McVay, in their right hands then and there

" had and held, unlawfully and willfully did make an aggravated
" assault, and they, the said Franklin and McVay, him the said
" J. C. McDonald, with the pistols aforesaid, did then and there
" beat, bruise, and wound, then and there, and thereby inflicting
" upon the said McDonald divers serious bodily injuries, against
" the peace and dignity of the State."

This indictment was excepted to :

*First.* Because it alleges the assault to have been committed
with a deadly weapon, and does not negative the fact that it
was done under circumstances not amounting to an intention to
murder or maim.

If this be true, which it undoubtedly is, then the indictment
is good ; for what is not alleged in an indictment is not to be
inferred ; and it evidently not being the intention of the grand
jury to charge the defendants with an assault with intent to
murder or maim, but only with an aggravated assault, it was
certainly unnecessary to charge the defendants with what they
did not do—the law only intending to punish them for what
they did do.

The second exception is, if possible, more frivolous than the
first, unless it can be shown that a pistol used as a bludgeon,
whether loaded or not with powder and ball, cannot be regard-
ed as a deadly weapon, and made the instrument of an aggra-
vated assault.

The third exception is a kind of omnivagus, striking high
and low and affecting nothing.

The indictment is good, and should have been so held by the
District Court.

The judgment is reversed, and the cause remanded.

                              Reversed and remanded.